**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOSEPH WENZEL,
ADC #95265                                                                                            PLAINTIFF

5:07-cv-00042-JMM-JJV

LARRY NORRIS, Director,
Arkansas Department of Correction; *et al*.                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 74). Plaintiff responded to the Motion (Doc. No. 81) and Defendants have replied (Doc. No. 85).

Plaintiff Wenzel is a state inmate at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants pursuant to 42 U.S.C. § 1983, based on injuries he received in a construction accident at the Ouachita River Unit of the ADC on May 16, 2006. The remaining Defendants are Donny Robinson, Jimmy Powell, and David Cruiseturner - ADC employees who were present at the Ouachita Unit at the time of the accident.[1] Plaintiff asks for monetary relief from Defendants.

**II.    SUMMARY JUDGMENT**

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears

---

[1] Defendant Larry Norris was dismissed on October 28, 2010; Defendant Correctional Medical Services, Inc., was dismissed on January 30, 2009; and Defendant Hermann Jonak was dismissed on December 8, 2010.

the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### A.   Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In *Booth v. Churner,* the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner,* 532 U.S. 731, 741 (2001).

#### 1.   Arguments

Citing the above legal authority, Defendants believe summary judgment is proper in this case because Plaintiff failed to exhaust his administrative remedies. Defendants state that Plaintiff did

not file a grievance naming Defendants Robinson, Powell, and Cruseturner, and therefore, he failed to exhaust his administrative remedies. Defendants provide the affidavit of Tiffanye Compton, the Inmate Grievance Supervisor for the ADC, who states that Plaintiff did not exhaust any grievances against these three Defendants, and therefore, did not exhaust his administrative remedies. (Doc. No. 76-2). Defendants also offer Administrative Directive (AD) 04-01 to support their argument because it provides that an inmate should specify the date, place and personnel involved in both his Informal and Formal Resolutions. (Doc. No. 76-1, p. 5). In addition, Defendants state that the procedure clearly informs inmates of the need to fully exhaust their administrative remedies prior to filing a § 1983 lawsuit. (*Id*. at p. 13).

In his Response, Plaintiff states the ADC grievance procedure does not specify that an inmate is required to name in a grievance all individuals he may later wish to include as defendants in a civil rights lawsuit. Plaintiff also states that this requirement is not included in the PLRA language setting forth the exhaustion requirement. Plaintiff states he filed a grievance concerning the May 16, 2006 incident and fully exhausted the grievance at all levels. Furthermore, Plaintiff refers to a Memo he received from Deputy Director Larry May, indicating that Plaintiff had exhausted his administrative remedies with respect to the issue. (Doc. No. 81-4).

  **2. Analysis**

According to AD 04-01, the grievance process consists of two steps. (Doc. No. 76-1). The first step is the Informal Resolution, which should be submitted by the inmate within 15 days of the occurrence of the incident. AD 04-01 IV.E.1. (*Id.*). The inmate is further directed to "write a <u>brief statement</u> that is specific as to the substance of the complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate." (emphasis in original) AD 04-01 IV.E.3. (*Id.*). If the problem is not resolved, the inmate proceeds to step two, and files

a Formal Resolution, which should include a brief statement, which "must be the same statement as written on the Informal Resolution Form." AD 04-01.IV.F.3. (*Id.*). If an inmate is not satisfied with the response received from the Warden on this grievance, the inmate should appeal to the Deputy/Assistant Director. AD 04-01.IV.G. (*Id.*). The grievance procedure also provides notice that complete exhaustion of the grievance process is required prior to filing a lawsuit by an inmate. Section IV.N.4, entitled "Prison Litigation Reform Act Notice," further explains that the PLRA requires exhaustion "at all levels of the grievance procedure before filing a Section 1983 lawsuit...." (*Id.*).

A review of grievance OR-06-00109 concerning this incident reveals that Plaintiff failed to name the three remaining defendants in this case. The Informal Resolution Form specifically states, "Give a <u>BRIEF</u> statement of your complaint/concern. This statement must be specific as to the complaint, <u>dates</u>, places, personnel involved and how <u>you</u> were affected." (Doc. No. 81-1) (emphasis in original). Plaintiff wrote on the statement that he was involved in an accident on May 16, 2006 at the construction site at the Malvern Unit, and that "more safety should have been utilized on the job." The Formal Resolution Form which Plaintiff later submitted contained the same instructions concerning setting forth the dates, places and personnel involved. Plaintiff's statement on that form is the same as on the Informal Resolution Form.

Afer careful consideration of the facts of this case, the Court finds that Plaintiff failed to exhaust his administrative remedies as required by the PLRA and the ADC grievance procedure. The grievance procedure, together with the forms provided to the inmates, plainly sets forth the requirements for submitting a grievance. In addition, the procedure advises inmates that they must fully exhaust their administrative remedies prior to filing a lawsuit. Finally, as set forth in *Jones, supra*, the prison's internal requirements set forth the boundaries of the exhaustion requirement, and

in this situation, those boundaries were not met by the Plaintiff. In his grievance, Plaintiff does not identify any individuals involved in the incident by their names or their job positions.

Plaintiff's failure to identify Defendants Robinson, Powell, and Cruiseturner in his grievance is fatal. Dismissal of his Complaint for failure to properly exhaust his administrative remedies is proper.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 74) be GRANTED.

2. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to exhaust his administrative remedies.

IT IS SO RECOMMENDED this 7th day of February, 2011.

                                                JOE J. VOLPE  
                                                UNITED STATES MAGISTRATE JUDGE